104 F.3d 361
 44 ERC 1951
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank J. KELLEY, Attorney General of the State of Michigan,
ex rel. Michigan Natural Resources Commission, Michigan
Water Resources Commission, and David F. Hales, Director of
the Michigan Department of Natural Resources, Plaintiffs-Appellants,
v.
Lester TISCORNIA, James W. Tiscornia, Edward G. Tiscornia,
Loren Gerber, Defendants.
MANUFACTURERS NATIONAL BANK OF DETROIT, Defendant-Appellee
and Third-Party Plaintiff,
v.
UNITED STATES of America, Third-Party Defendant and
Defendant-Appellee.
 No. 94-1403.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1996.
 
 Before: JONES and BATCHELDER, Circuit Judges, and COOK, District Judge.*
 BATCHELDER, Circuit Judge.
 
 
 1
 The State of Michigan appeals from the district court's order granting summary judgment for the defendants in this action to recover cleanup costs at two hazardous waste facilities owned by the defendants, debtors of the defendant-appellee bank. We affirm the judgment of the district court.
 
 I.
 
 2
 The State of Michigan filed this action under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA or "the Act"), 42 U.S.C. §§ 9601-9675, and § 299.612[1] of the Michigan Environmental Response Act (MERA), Mich.Comp.Laws §§ 299.601-299.618. The State sought recovery of the costs associated with the environmental cleanup of two vacated factory sites in St. Joseph and Benton Harbor, Michigan ("the facilities"), which had been owned and operated since 1916 by Automobile Specialties Manufacturing Company ("AUSCO"). Defendants Lester Tiscornia, James W. Tiscornia, and Edward C. Tiscornia ("the Tiscornia defendants") were owners, officers and directors of AUSCO.[2] Also named a defendant was the appellee herein, Manufacturers National Bank of Detroit (MNB or "the Bank"), which the State claims is liable for cleanup costs as an owner/operator of the facilities under 42 U.S.C. § 9607(a)(1) and (2). The United States was named a third-party defendant in the action by third-party plaintiff MNB, on the basis of 42 U.S.C. § 9613(b) and (f) and 28 U.S.C. § 1331, on grounds that the facilities were allegedly contaminated by the national defense activities of agencies or instrumentalities of the United States during World War II.
 
 
 3
 The district court granted summary judgment for MNB on the issue of the Bank's liability, concluding that the Bank's conduct regarding the contaminated AUSCO facilities was within the scope of CERCLA's secured creditor exemption, and that the same reasoning that governed the CERCLA claim also governed the state law claim. Kelley ex rel. Mich. Natural Resources Comm'n v. Tiscornia, 810 F.Supp. 901 (W.D.Mich.1993). On March 7, 1994, the district court entered a Consent Agreement and Order of Dismissal, settling all remaining claims against the Tiscornia defendants and rendering final the grant of summary judgment in favor of the Bank. This timely appeal followed.[3]
 
 
 4
 In ruling that MNB was entitled to summary judgment, the district court relied on the "lender liability rule" promulgated by the United States Environmental Protection Agency,[4] which defined the phrase "participating in the management" as used in 42 U.S.C. § 9601(20)(A). See 810 F.Supp. at 905-09. Subsequent to the district court's order, the State challenged the EPA's lender liability rule in the D.C. Circuit Court of Appeals; that court vacated the regulation, concluding that it exceeded the EPA's authority. Kelley v. EPA, 15 F.3d 1100, 1108-09 (D.C.Cir.1994), cert. denied, 513 U.S. 1110, 115 S.Ct. 900 (1995).
 
 
 5
 In this appeal, the State argues that, because the district court opinion relied on the lender liability rule, and the court had refused to reconsider its decision after the D.C. Circuit's decision in Kelley v. EPA vacating the rule, the court committed reversible error. The State urges this Court to reverse the district court's grant of summary judgment to the Bank and insists that the undisputed facts in the record support the State's contention that the Bank is liable under CERCLA and MERA[5] and the State is entitled to summary judgment in its favor.
 
 
 6
 Congress has now enacted the "Asset Conservation, Lender Liability, and Deposit Insurance Protection Act of 1996," which became effective on September 30, 1996, and amended CERCLA's lender liability provisions. See Pub.L. No. 104-208, §§ 2501-2505. A comparison of the amendments to CERCLA relevant here and the EPA "lender liability rule" under which the district court decided this case makes it clear that these amendments effectively codify the EPA rule. These amendments are expressly made applicable to any claim "that has not been finally adjudicated as of the date of enactment of this Act," id. § 2505, and therefore govern this appeal.
 
 
 7
 The published opinion of the district court thoroughly reviews the relevant fact, see 810 F.Supp. 901 (W.D.Mich.1993), and it is not necessary for us to set them out here. The sole issue before us is whether MNB was "participating in management" of the AUSCO facilities within the meaning of CERCLA as amended or of MERA.
 
 
 8
 The district court concluded that the material facts were undisputed, and that those facts did not support a finding that MNB had been participating in management as defined by the lender liability rule. First, the court noted that the State had not alleged that MNB either exercised decisionmaking control over AUSCO's environmental compliance or assumed or manifested responsibility for the overall management of the day-to-day decisionmaking of AUSCO with respect to environmental compliance. Further, the district court held that the evidence of MNB's involvement with AUSCO did not support a finding that MNB assumed or manifested responsibility for the overall day-to-day management of AUSCO with respect to all, or substantially all of the company's operational aspects other than environmental compliance as opposed to financial or administrative aspects of the company's business. Finally, the court held that all of the indicia of MNB's participation in AUSCO's operation related to financial or administrative aspects of the business, and that there was no evidence that the Bank's participation "crossed the murky line from the ability to influence operational decisions to actually making operational decisions at AUSCO." 810 F.Supp. at 909. The district court also concluded that the MERA violations alleged in the complaint should be analyzed through CERCLA case law.
 
 
 9
 We review de novo the district court's grant of summary judgment. Pinney Dock & Transp. Corp. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A district court's determination of state law is also reviewed de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 10
 We have carefully reviewed the record in this case, and conclude that summary judgment is appropriate here because there are no material facts in dispute. For the same reasons that the district court concluded that the undisputed facts do not support a finding that MNB was participating in the management of AUSCO within the meaning of the EPA "lender liability" rule, we hold that the undisputed facts do not support a finding that MNB was participating in management within the meaning of the amendments to § 101(20) of CERCLA, 42 U.S.C. § 9601(20). Further, we hold that the undisputed facts do not support a finding that MNB was involved in management of AUSCO within the meaning of MERA.[6]
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Julian A. Cook, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This section was one of many MERA provisions that was repealed and replaced by amended provisions effective March 30, 1995. See 1994 Mich.Pub.Acts No. 451 § 90101
 
 
 [2]
 AUSCO filed for bankruptcy in 1988. Its Chapter 11 proceeding was converted to a Chapter 7 proceeding in 1990
 
 
 [3]
 The United States remains a potential third-party defendant if the district court's dismissal of claims against MNB is reversed and the Bank is permitted to proceed with its third-party claims; therefore, the Government has filed a brief in this appeal urging the Court to affirm the district court's disposition of the case
 
 
 [4]
 See 40 C.F.R. §§ 300.1100-300.1105
 
 
 [5]
 MERA's provisions in effect for purposes of this action regarding liability of owners or operators of facilities are substantially similar to those of CERCLA prior to the 1996 amendments. Many provisions of MERA were repealed by 1994 Mich.Pub.Act No. 451 § 90101 and were reenacted in amended form effective March 30, 1995. See 1994 Mich.Pub.Act No. 451 §§ 20101 et seq
 
 
 [6]
 We are aware that an issue exists as to whether the version of MERA as applied by the district court or MERA as subsequently amended ought to be applied on appeal. However, we decline to address that issue, since our review of the record and the law persuades us that the facts do not support a finding that MNB was participating in management of AUSCO within the meaning of MERA, either prior to or after its amendment